UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWIN JOHNSON, II,

    Plaintiff,

v.

JOSEPH THIVIERGE, ERIC
GODLEWSKI, MICHAEL NEIDY,
MELISSA TORO, TIMOTHY YOBAK,
OFF DUTY OFFICER "JOHN DOE",
Jointly and Severally, and in Their
Individual Capacities, and THE CITY OF
TAYLOR,

    Defendants.
_____/

Case No. 11-10652

Honorable Bernard A. Friedman
Magistrate Judge David R. Grand

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF JAMES EDWIN JOHNSON, II'S MOTION FOR SUMMARY JUDGMENT (Doc. #21), AND TO DISMISS CLAIMS CHALLENGING THE VALIDITY OF HIS CONFINEMENT

    Before the court is *pro se* Plaintiff James E. Johnson, II's "Motion for Summary Judgment" (Doc. #21) which was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  Two sentences in total length (no brief in support was filed), Johnson's motion asks the court to grant summary judgment in his favor "based on the testimonies and documents in the courts [sic] possession, As [sic] according to MCR.RULE 1006 and under Fed.R.CVL.P.56(C)."  Johnson claims that his motion is also supported by *Celotex Corp. v. Catrett*, 477 U.S. 317 (1996).  He concludes that under Fed. R. Civ. P. 56(c) a party moving for summary judgment "is not required to support its motion with affidavits or other similar materials negating the opponents [sic] claim."  Johnson's motion for summary

judgment fails and should be denied. Moreover, to the extent Johnson challenges the validity of his confinement, he fails to state a claim upon which relief can be granted under 42 U.S.C. §1983, and those claims should be dismissed.

## I.     BACKGROUND FACTS

The bulk of the facts in this case do not appear to be in dispute.[1] On October 20, 2009, a car was reported stolen in the Taylor, Michigan area by its owner who witnessed the theft. (Doc. #22, p. 3) Taylor police officers, Cpls. Timothy Yobak and Melissa Toro (two of the Defendants in this case), responded in their police car and spotted the stolen car. (*Id.*) When the stolen car stopped at a red light, Cpls. Yobak and Toro got out of their car and approached it on foot. (*Id.*, pp. 3-4) Johnson was in the car's front passenger seat. (*Id.*, p. 4) Cpls. Yobak and Toro told Johnson and the driver to show their hands. (*Id.*) The two occupants did not do so, and instead hastily drove off, commencing a high-speed police chase by Cpls. Yobak and Toro. (*Id.*) Two other nearby officers, Cpls. Joseph Thivierge and Eric Godlewski (also Defendants in this case), assisted in the chase, which culminated with the stolen car crashing into the assisting officers' car and then the freeway median. (*Id.*)

Johnson and the driver then attempted to flee on foot. (*Id.*) Cpl. Godlewski apprehended the driver while Cpl. Thivierge ran after Johnson. (*Id.*) Cpl. Thivierge caught up to Johnson and a physical struggle ensued. (*Id.*) Eventually, Cpl. Thivierge gained control of Johnson and handcuffed him. (*Id.*) Johnson was taken back to the police car where he was searched. The Officers found 13 packets of cocaine on him. (*Id.*)

---

[1] *See* fn. 2, *infra.*

Johnson was charged with several felonies related to these events. (*Id.*, pp. 4-5) He apparently pleaded guilty to at least one of the charges, and is presently incarcerated at the R.A. Handlon Correctional Facility in Ionia, Michigan. (Compl., ¶9)

On February 17, 2011, Johnson filed the instant action under 42 U.S.C. §1983, claiming violations of his Fourth and Fourteenth Amendment Rights. (*Id.*, ¶¶11-12) More specifically, Johnson claims that there was no legal basis for his arrest or detention, that he has been falsely accused and falsely imprisoned, and that he is entitled to damages due to the alleged false imprisonment and for the injuries he suffered while being apprehended. (*Id.*, ¶¶9, 12)[2]

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 56(a) provides that a "party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In turn, Rule 56(c)(1) provides that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…" In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the

---

[2] Johnson does not dispute that he was in a stolen car (Compl., ¶7), that he attempted to flee rather than showing his hands as instructed by the officers (*id.*), that a high-speed chase ensued (*id.*), or that he was ultimately wrestled to the ground and apprehended by Cpl. Thivierge (*id.*). However, Johnson claims that the initial responding officers did not identify themselves as officers and approached with their guns drawn (*id.*, ¶7). He also claims that he was physically "beaten with the defendants [sic] fist and gun" during his arrest. (*Id.*)

nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

### III.   ANALYSIS

#### A.   Johnson's Motion for Summary Judgment Should be Denied

Johnson fails to satisfy the burden imposed on a party moving for summary judgment under Federal Rule of Civil Procedure 56. His two-sentence motion does not identify the claims for which he is seeking summary judgment. Nor does it specify any fact or piece of evidence that would defeat Defendants' affirmative defenses or otherwise establish his entitlement to judgment as a matter of law. Merely referring to the "testimonies and documents that are in the courts [sic] possession" is not sufficient. Fed. R. Civ. P. 56(a) and (c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Johnson's reliance on *Celotex's* observation that Rule 56 contains "no express or implied requirement [] that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim" is misplaced. *Celotex*, 477 U.S., at 323 (italics in original). Johnson apparently misinterprets that language as absolving him from Rule 56's evidentiary requirements. To the contrary, it merely supported the Court's conclusion that "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* In fact, *Celotex* made the more fundamental observation that: "[o]f course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*

Thus, while Johnson was not obligated to support his motion with an affidavit, he was required to explain the basis for that motion by identifying the legal claims for which he is seeking summary judgment, as well as the specific evidence that establishes his right to judgment as a matter of law on those claims. His motion clearly failed in both respects.

Johnson's passing reference to "MCR.RULE 1006" is also of no avail. Johnson appears to be referencing Federal Rule of Evidence 1006 which, at the time his motion was filed, provided: "The contents of voluminous writings… which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation."[3] That Rule is not applicable here. FRE 1006 pertains to the admissibility of a chart or summary into evidence when the underlying data or documents being summarized cannot be conveniently examined in court. Here, Johnson has not presented the court with any such summary, nor identified any documents or data for which a summary would be helpful.

**B.     Johnson's Claims Challenging the Validity of His Confinement Should be Dismissed**

The Prison Litigation Reform Act ("PLRA") requires the court to review complaints filed by all persons proceeding *in forma pauperis* "as soon as practicable after docketing." *See* 28 U.S.C. §§1915(e)(2) and 1915A. Under these provisions of the PLRA, the court must *sua sponte* dismiss a complaint (or any portion thereof) that is frivolous or malicious, fails to state a claim, or which seeks damages from defendants who are immune. *Id.*

---

[3] Effective December 1, 2011, stylistic amendments were made to Rule 1006 that do not change the court's analysis of the issue at hand.

From a review of Johnson's complaint, the court finds that those portions challenging the validity of his incarceration are ripe for dismissal because they fail to state claims upon which relief may be granted under 42 U.S.C. §1983. A prisoner in state custody may not use a §1983 civil rights complaint as a vehicle for challenging the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Instead, such challenges must be made by seeking federal habeas corpus[4] relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). *See also, Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254). The same principle applies when the state prisoner uses §1983 to seek monetary damages for an imprisonment he claims is unlawful. *Id.* at 487–89; *Wilkinson*, 544 U.S. at 81-82. In short, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Paragraph 9 of Johnson's complaint seems to contain the alleged factual basis for challenging his incarceration:

> On 10/20/09, false statements were made resulting in assault charges against plaintiff, unlawful driving away when it was clearly stated in the

---

[4] The court declines to construe Johnson's complaint as seeking habeas corpus relief because his complaint does not allege exhaustion of available state remedies. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the " ' "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' " *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)."); *Woods v. Clocum*, 2011 WL 1884181, at *2 (E.D. Mich., May 18, 2011) (citing *Parker v. Phillips*, 27 Fed. Appx 491, 494 (6th Cir. 2001)).

>investigation that plaintiff was a passenger who flead [sic] on foot, which the plaintiff was found guilty of in exchange for dismissed counts and a smaller time scale. The false statements led to false imprisonment. There was no legal basis to arrest and detain plaintiff.

Compl., ¶9.

Johnson appears to be seeking monetary related to his false imprisonment claim; he seeks $100,000 in damages for property he claims to have "lost as a result of this falsely accused case," and "$5,000 per day of incarceration for pain, suffering and emotional distress." *Id.*, ¶¶9, 14, 16.

The false imprisonment claim and related claims for monetary damages clearly challenge and relate to the validity of Johnson's confinement. They are precisely the type the U.S. Supreme Court has held may not be brought in a §1983 case. *Preiser*, 411 U.S. at 489; *Wilkinson*, 544 U.S. at 78; *Heck*, 512 U.S. at 486–87. Accordingly, Johnson's allegations about a "false imprisonment" and a resulting entitlement to monetary damages fail to state claims upon which relief can be granted under 42 U.S.C. §1983, and his related claims should be dismissed. *Id.*; *Brooks v. Worthy*, 2011 WL 1748544, at *3 (E.D. Mich., May 2, 2011).

### IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Johnson's motion for summary judgment (Doc. #21) be DENIED. IT IS FURTHER RECOMMENDED that Johnson's "false imprisonment" claim be DISMISSED along with his related claims for monetary damages.

Dated: December 16, 2011                s/ David R. Grand
                                        DAVID R. GRAND
                                        UNITED STATES MAGISTRATE JUDGE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

I hereby certify that the foregoing document was served upon counsel of record electronically and/or by U. S. Postal on Decebmer 16, 2011 to James Johnson #531294, Richard Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI  48846.

                                                      s/Felicia M. Moses
                                                      Case Manager