UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOHNSON,

                Plaintiff,         Case No.: 11-cv-10652
                                                  Honorable Bernard A. Friedman
     v.                                   Magistrate Judge David R. Grand

JOSEPH THIVIERGE, *et al.*,

                Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [34]

On March 9, 2012, plaintiff James Johnson filed a renewed Motion for Appointment of Counsel. (Doc. #34). Johnson, an inmate at the Richard A. Handlon Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. On December 9, 2011, this case was referred to this court for all pretrial purposes. (Doc. #27). Johnson has twice before filed motions for the appointment of counsel, both of which were denied without prejudice. (Doc. # 18, 33).

In Johnson's renewed motion, he argues that he is entitled to counsel under the Sixth Amendment of the United States Constitution and under Article I of the Michigan Constitution. He also argues that, as an incarcerated prisoner, he is unable to adequately develop and prosecute his case. Neither argument is persuasive.

Johnson is not entitled to counsel under either the Michigan Constitution or the U.S. Constitution, as that right is limited to defendants in certain criminal cases. *See* U.S. Const. Amend. VI ("[i]n all *criminal* prosecutions the accused shall enjoy the right . . . to have Assistance of Counsel for his defense) (emphasis supplied); *see also* Mich. Const. Art. 1 § 10

(same).  Johnson's instant case is not a criminal case, but a prisoner civil rights case.  (Doc. #1).

As previously explained, "it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided," and "[i]n order to make the determination . . . the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success." (Doc. #18 at 2) (citing *Reener v. Sewell*, 975 f.2d 261 (6th Cir. 1992)).  The court has twice found that, based on these criteria, Johnson failed to establish that the appointment of counsel would be proper.  (Doc. #s 18, 33).

After a review of the salient considerations, the court's analysis remains unchanged.  The issues are not overly complex, and Johnson appears to have a sufficient understanding of the litigation process to adequately represent himself in the pretrial stage.  Also, Johnson's claims appear, at best, to have no more than a small likelihood of success.  Accordingly, unless and until Johnson's case survives beyond the dispositive motion stage, the court does not see a need to appoint him counsel.

For the reasons stated above, it is ORDERED that Plaintiff's motion to appoint counsel (Doc. #34) is DENIED WITHOUT PREJUDICE.

Dated: March 12, 2012                              s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                   United States Magistrate Judge

**NOTICE**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2012.

                                            s/William Barkholz for Felicia M. Moses
                                            Case Manager